AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JACK SANCHEZ-PRIETO | ) | Case No. 23 MJ 1693 |
| | ) | |
| *Defendant(s)* | ) | |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   November 29, 2023   in the county of   Bernalillo   in the
_____ District of   New Mexico   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(A) | Possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit, incorporated by reference herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher Nielsen, DEA Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

~~Sworn to before me and signed in my presence~~.

Date:   11/29/2023

*Judge's signature*

City and state:   Albuquerque, New Mexico

Karen B. Molzen, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Christopher Nielsen, Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

1. I have been a Special Agent with the DEA since 2018. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516.

2. To become a Special Agent, I received advanced training in controlled substance identification, narcotics related investigation techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance and electronic monitoring techniques. I also received training in the methods of operation of Drug Trafficking Organizations, and in the investigation of Title 21 violations. As a result, I am familiar with matters including, but not limited to, the means and methods used by individuals to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions.

3. This affidavit is based on my observations and information obtained from other law enforcement sources. It does not set forth all of my knowledge related to this investigation. This affidavit is submitted in support of a criminal complaint charging Jack Sanchez-Prieto ("SANCHEZ") with the following violations: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine; and 18 U.S.C. § 2: Aiding and Abetting.

# PROBABLE CAUSE

**A. Surveillance**

4. On November 28, 2023, agents conducted video surveillance at 546 Tennessee Street NE, Albuquerque, NM 87108 (the "TENNESSEE PREMISES").

5. Agents observed a man later identified as SANCHEZ at TENNESSEE PREMISES. SANCHEZ was wearing a turquoise shirt.

**B. Euclid Search Warrant**

6. On November 19, 2023, the Honorable Karen B. Molzen approved search warrants authorizing law enforcement agents to search 13 locations throughout Albuquerque, New Mexico.

7. One of these locations, 5408 Euclid Avenue NE, Albuquerque, NM 87105, was identified as the EUCLID PREMISES in the search warrant.

8. On November 29, 2023, DEA Special Agents, together with other law enforcement officers (collectively, "agents") executed a search warrant at the EUCLID PREMISES. This location is within Bernalillo County and the District of New Mexico.

9. Agents took SANCHEZ into custody at the scene. SANCHEZ was wearing the same turquoise shirt as he had been wearing the day before.

10. Agents located a mobile phone in a blue case at the EUCLID PREMISES.

C. **Tennessee Search Warrant**

11. Also on November 29, 2023, agents executed a search warrant at 546 Tennessee Street NE, Albuquerque, NM 87108 (the "TENNESSEE PREMISES").

12. Agents did not encounter anyone in the primary area of the TENNESSEE PREMISES. Agents did encounter two males renting out a camper on the property however, agents do no believe they are involved with the DTO.

13. Within the back room of the TENNESSEE PREMISES, agents located a large amount of suspected methamphetamine. Agents weighed and field-tested the substance, which returned a positive result for methamphetamine and weighed approximately 9.021 kilograms.

14. Also within the back room, agents located a number of AR-style rifles and AR-style pistols.

15. In the front room of the TENNESSEE PREMISES, agents located scales with suspected drug residue and packaging materials.

16. Also in the front room of the TENNESSEE PREMISES, agents located multiple SANCHEZ's photo identification, along with photographs of SANCHEZ with a romantic partner.

D. **Interview and Preliminary Phone Analysis**

17. After reading SANCHEZ his Miranda rights, agents asked him about his relationship to the TENNESSEE PREMISES.

18. SANCHEZ admitted that he had been at the TENNESSEE PREMISES working for a drug dealer. Agents have identified that dealer as Ricardo Torres-Alaya ("TORRES"), who was arrested at a different location.

19. SANCHEZ explained that he followed TORRES's orders.

20. SANCHEZ claimed that he had no access to the back room of the TENNESSEE PREMISES. He claimed that he had never looked over the wall from the front room to the back room, which did not extend all the way to the ceiling.

21. Sanchez granted agents consent to search the mobile phone located at the EUCLID PREMISES.

22. On the mobile phone, agents found photographs of firearms located in the back room of the TENNESSEE PREMISES. They also found photographs of SANCHEZ with large amounts of cash, which in my experience are consistent with drug trafficking. Finally, they found messages in which other individuals send SANCHEZ images of kilograms of cocaine. Agents thus do not believe SANCHEZ's denials of any knowledge of the methamphetamine at the TENNESSEE PREMISES.

E. Conclusion

23. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Christopher Nielsen
Special Agent
Drug Enforcement Administration

Telephonically sworn and electronically signed on November 29, 2023.

_____
HONORABLE
UNITED STATES MAGISTRATE JUDGE
District of New Mexico

3